**Lisa MANN, Plaintiff,**

v.

**UNIVERSITY OF CINCINNATI, et al., Defendants.**

**No. C–1–92–852.**

United States District Court, S.D. Ohio, Western Division.

Aug. 25, 1994.

---

*ORDER DENYING PLAINTIFF'S
MOTION TO BIFURCATE
TRIAL*

SPIEGEL, District Judge.

This matter is before the Court on Plaintiff's motion to bifurcate the trial in this case, severing the liability and damage issues (doc. 49), which Defendants oppose (doc. 53).

## BACKGROUND

The Plaintiff, Ms. Mann, has brought an action against the University of Cincinnati (hereinafter "University") for sexual harassment. Ms. Mann alleges that the actions of two University employees Mr. Monast and Mr. Clemens deprived her "of her right to be free from arbitrary, capricious, and unreasonable decisions relating to her grades and scholastic record at the University of Cincinnati as guaranteed by the Fourteenth Amendment to the Constitution of the United States." Amended Complaint, ¶ 40(B) (doc. 35). Ms. Mann now seeks to bifurcate the liability portion of the trial from the damages portion, claiming that she would be prejudiced at trial if liability and damages are heard at the same time.

## DISCUSSION

■ Ms. Mann asserts that the University will present evidence of her entire academic record and performance as a student, to show that she is not a serious student. Ms. Mann claims that such issues are only relevant to show that damages may be minimal and not to refute liability.

This Court, however, finds that this testimony is relevant to Ms. Mann's allegations regarding her scholastic record and, therefore, relevant to liability. Thus, it would be inefficient and impractical to bifurcate the liability and damages portion of the trial. "Bifurcation of proceedings into separate trials concerning liability and damages is appropriate when 'the evidence pertinent to the two issues is *wholly unrelated*' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Helminski v. Ayerst Laboratories,* 766 F.2d 208, 212 (6th Cir.1985) (emphasis added) (citing 9 C.

Robert Hugh Gutzwiller, Cincinnati, OH, for plaintiff.

Frank Hale Stewart, Rosemary Doreen Canton, Taft, Stettinius & Hollister, Cincinnati, OH, for defendants.

Wright & A. Miller, *Federal Practice & Procedure* § 2390 (1971)). Ms. Mann alleges that the University employees deprived her of her right to be free from arbitrary, capricious and unreasonable decisions relating to her grades and scholastic record. Testimony relating to such allegations will certainly include testimony about her academic record and performances as a student. Consequently, such testimony is related to the liability issues and may assist the jury in its liability determination. Thus, bifurcation is not beneficial in this case.

▇▇▇ Other factors this Court considered when making this determination include: 1) potential prejudice to the parties; 2) potential confusion to the jury; and 3) relative convenience and economy which would result. *See In re Beverly Hills Fire Litigation,* 695 F.2d 207, 216 (6th Cir.1982). The University would be substantially prejudiced if the instructors could not explain how they arrived at Ms. Mann's grades and why they believed Ms. Mann was not a serious student. In determining sexual harassment, the jury must be allowed to look at the "totality of the circumstances" to be able to make a proper and informed decision. *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 69, 106 S.Ct. 2399, 2406–07, 91 L.Ed.2d 49 (1986) ("The EEOC Guidelines emphasize that the trier of fact must determine the existence of the sexual harassment in light of 'the record as a whole' and 'the totality of the circumstances, such as the nature of the sexual advances and the context in which the alleged incidents occurred.'" (citing 29 C.F.R. § 1604.-11(b) (1985))). Since a great deal of overlap exists between the liability and damages phase of the trial it would be both prejudicial to the University and inefficient to bifurcate. We take note of Ms. Mann's concern that prejudicial and irrelevant evidence may be introduced, but we are confident that the Court can exclude that evidence at the proper time.

Additionally, allowing the trial to proceed without bifurcation will not confuse the jury. To determine whether sexual harassment was present in this case the jury must be allowed to consider all of the circumstances surrounding the incident.

[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

*Harris v. Forklift Systems, Inc.,* —— U.S. ——, ——, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993). The legal standard in this case is relatively simple and the jury will not be confused by hearing the full story from both sides. In fact, the standard set by the Supreme Court demands it.

Finally, it is in the best interests of judicial convenience and economy to deny the Plaintiff's motion. Due to the overlap between the testimony needed to show liability and damages, the trial should not be bifurcated.

### CONCLUSION

Accordingly, we conclude that Plaintiff's motion for bifurcation of the issues of liability and damages at trial should be DENIED.

SO ORDERED.